UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN O'NEAL,<br><br>   Plaintiff,<br><br> v.<br><br>JONES, et al.,<br><br>   Defendants. | No. 2:17-cv-1897-TLN-KJN PS<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

  Plaintiff Sean O'Neal, who proceeds in this action without counsel, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[1] Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

  For the reasons discussed below, the court concludes that plaintiff's complaint fails to state a claim on which relief may be granted, and that further leave to amend would be futile. As such, the court recommends that the action be dismissed with prejudice and that plaintiff's application to proceed *in forma pauperis* be denied as moot.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1       A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

      To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

      Moreover, a federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

////

At the same time, pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984). Nevertheless, leave to amend need not be granted when further amendment would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Here, in his complaint, plaintiff alleges that the City and County of Sacramento, the State of California, and various state and local officials "are involved in a conspiracy to harass and attack plaintiff Sean O'Neal with their citizens on patrol." (ECF No. 1 at 1.) Specifically, plaintiff alleges that he is harassed by people who make weird faces at him and stick their tongues out like snakes. (See Id. at 1–4.) Additionally, plaintiff alleges that defendants are using satellite technology to conduct non-consensual experiments on him and other citizens. (See Id.)

Liberally construed, plaintiff's complaint purports to assert claims under 42 U.S.C. § 1983 for violation of plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, as well as a claim for intentional infliction of emotional distress ("IIED"). (Id. at 5–7.) Plaintiff seeks well over $200 million in damages for IIED, pain and suffering, humiliation, and punitive damages. (Id. at 7.)

First, even assuming that individuals have made faces at plaintiff with the intent of causing him emotional distress, such actions do not state a claim under 42 U.S.C. § 1983, because such actions do not violate any of plaintiff's federal constitutional rights. By alleging IIED, plaintiff is asserting a state law claim. See Lawler v. Montblanc N. Am., LLC, 704 F.3d 1235, 1245 (9th Cir. 2013) (reciting the elements of a claim for IIED under California law). Yet, plaintiff and defendants are all citizens of California. As such, this court has no independent subject matter jurisdiction over plaintiff's IIED claim because it does not satisfy the requirements of either federal question or diversity jurisdiction. See 28 U.S.C. §§ 1331, 1332(a). Moreover, as explained below, the court does not otherwise have pendant jurisdiction over this claim, since the

3

remainder of plaintiff's complaint is legally frivolous and fails to state a viable claim under federal law.[2]

Second, plaintiff's other allegations—that the government is using satellite technology to brainwash people and to allow others to make faces and stick their tongues out at plaintiff, through his television set (see ECF No. 1 at 2–3)—are legally frivolous. While the court is sympathetic to plaintiff's plight, such allegations simply lack an arguable basis in fact. See Neitzke, 490 U.S. at 325; Franklin, 745 F.2d at 1227–28. These allegations are implausible on their face, and there is no indication that they are grounded in reality.[3]

Ordinarily, the court liberally grants a pro se plaintiff leave to amend. However, because the record here shows that plaintiff would be unable to cure the above-mentioned deficiencies through further amendment of the complaint, the court concludes that granting leave to amend would be futile.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed with prejudice.
2. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) be denied as moot.
3. The Clerk of Court be directed to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations. Other than objections to the findings and recommendations or non-frivolous motions for emergency relief, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

////

---

[2] While the court need not reach this issue, plaintiff's claim for IIED is likely legally frivolous under state law, since these allegations are implausible on their face and lack an arguable basis in fact.

[3] What is more, the court has serious concerns whether plaintiff would have adequate standing to bring claims regarding the alleged brainwashing of others, even if such allegations were deemed plausible. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (to establish standing, a plaintiff must demonstrate that he has suffered "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical").

4

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  October 18, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14/17-1897.o'neal.screening F&Rs dismissal